**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Barbara SANDERS, Paula Wilson,**
**Defendants–Appellants.**

**Nos. 01–2646, 02–1026.**

United States Court of Appeals,
Sixth Circuit.

March 7, 2003.

Before RYAN, BATCHELDER and LAY,* Circuit Judges.

## OPINION

### PER CURIAM.

Barbara Sanders and Paula Wilson appeal their criminal convictions for bank fraud stemming from their participation in a federally guaranteed student loan program. Sanders and Wilson challenge the sufficiency of the evidence. Wilson also challenges the calculation of her restitution. We affirm the jury's verdict, but remand the case for a new calculation of Wilson's restitution.

### I.

Barbara Sanders and Paula Wilson sought loans to attend the Autonomous School of Medical Sciences of Central America. The bank approved Wilson for various student loans. Wilson, however, never applied to or enrolled in the school. Sanders also applied for various student loans, and her checks were sent directly to the School of Medical Sciences. The school returned the checks to the bank because Sanders never applied to or enrolled in the school.

Sanders and Wilson were charged with bank fraud under 18 U.S.C. § 1344 and conspiracy to commit bank fraud under 18 U.S.C. § 371. They were tried together and convicted by a jury. At the close of trial, Wilson made a motion for acquittal based on lack of evidence. The trial court[1] denied the motion. The court sen-

---

* The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

1. The Honorable David M. Lawson, United States District Court Judge for the Eastern District of Michigan, presiding.

tenced Wilson to five months in prison. Wilson was also ordered to pay $48,960 in restitution. Sanders was sentenced to one month in prison.

## II.

■ Sanders and Wilson claim the Government produced insufficient evidence for a conviction. We do not agree. To convict a defendant under the bank fraud statute, the Government must prove three elements: "(1) that the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; (2) that the defendant did so with the intent to defraud; and (3) that the financial institution was insured by the FDIC." *United States v. Everett,* 270 F.3d 986, 989 (6th Cir.2001). We will reverse a bank fraud conviction only if it "is not supported by substantial and competent evidence." *Id.* It was reasonable for the jury to find that Sanders and Wilson acted with an intent to defraud the banks. The Government showed that Sanders and Wilson submitted student loan applications with no intention of using the loan money for school. The Government also demonstrated that Wilson received loan checks and spent the money on non-educational items. These facts support a conviction for bank fraud.

■ We also reject Sanders's and Wilson's claim that the Government did not prove they intentionally subjected a federal bank to a risk of loss. Our holding in *Everett* forecloses this argument. In that case, we said that a defendant need not intend to defraud a specific bank or institution. All that is required is that "the defendant in the course of committing fraud on *someone* causes a federally insured bank to transfer funds under its possession and control." *Id.* at 991 (emphasis in original). Wilson and Sanders satisfied this requirement. Their fraudulent conduct caused the bank to issue student loan checks to persons who had not applied to or enrolled in the school. We thus conclude that the jury properly convicted Sanders and Wilson of bank fraud and conspiring to commit bank fraud.

## III.

■ We next address the Defendants' challenge to the district court's decision to receive in evidence the testimony of the handwriting analyst. We find that Wilson and Sanders did not preserve this claim for appeal because defense counsel did not properly object to the evidence. At trial, defense counsel only objected to the prospect that the Government would attempt to qualify the witness as an expert and that the witness would be described to the jurors as an expert. Counsel did not object to the admissibility of the testimony. Accordingly, the issue is not preserved for appeal.

■ Even if we allowed Wilson and Sanders to challenge the admissibility of the handwriting examiner's testimony, we find that the district court properly admitted the evidence pursuant to Federal Rule of Evidence 702. Under *Daubert v. Merrell Dow Pharmaceuticals Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the trial judge serves as a "gate keeper" to determine whether an expert's testimony is reliable and relevant. *Daubert,* 509 U.S. at 597, 113 S.Ct. 2786. The trial judge has "considerable leeway in deciding ... how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). In the present case, the trial judge ensured that the testimony came from a highly experienced handwriting examiner who carefully explained the basis for his opinion. We thus find no error in admitting the testimony.

## IV.

Finally, we must address Wilson's restitution claim. The Government concedes that the district court erred in calculating the amount Wilson must pay in restitution. The district court ordered Wilson to pay $48,960. The record reveals, however, that Wilson made two deposits during the relevant time period totally $32,640. We thus remand this case with a directive to change the restitution amount in Wilson's judgment to $32,640.